**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
_____ **Division**

**CASE NO.**

| | |
|---|---|
| ZAC CASSIDY, JONATHAN BORDEN JAMES BOYLAN, VINCENT FORTUNE, JUSTIN MCINTOSH, TONY BARROW, JAMES STUBBLEFIELD CARL TIRONE, RICK SHAWBELL, and ROGER MOORE, as Trustees of the I.B.E.W. LOCAL UNION NO. 728 PENSION TRUST FUND, I.B.E.W. LOCAL UNION NO. 728 ANNUITY TRUST FUND, I.B.E.W. LOCAL UNION NO. 728 FAMILY HEALTHCARE FUND, and THE FLORIDA EAST COAST ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| INDUSTRIAL ELECTRIC AND CONTROLS, LLC | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiffs ZAC CASSIDY *et al.*, as TRUSTEES OF THE I.B.E.W. LOCAL UNION NO. 728 PENSION TRUST FUND, *et al.*, (the "Trustees" or the "Funds") sue Defendant INDUSTRIAL E&C (the "Defendant") as follows:

### I. NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a delinquent contributions collection action, brought by the Trustees on behalf of the Funds, which arises under the laws of the United States that contain their own jurisdictional requirements: Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145.

2. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this

Court because the Trustees administer the Funds, and Defendant's breach occurred in Broward County, Florida, which is in this judicial district.

## II.  PARTIES

3. The Trustees have been at all times material hereto, trustees and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

4. The Funds are "employee benefit plans" and "multiemployer plans" as defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37).

5. Upon information and belief, Defendant is a Florida corporation, authorized to and doing business under the laws of the State of Florida, and having a business address in this judicial district at: 17526 90th Street, North, Loxahatchee, Florida 33470.

6. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## III.  CAUSE OF ACTION

7. Defendant agreed to be bound and remained bound to a series of collective bargaining agreements as they related to wage rates and contribution obligations to the Funds, by signing a collective bargaining agreement through its conduct of paying contributions to the Funds.

8. A true and correct copy of the most current collective bargaining agreement is attached as Exhibit 1.

9. Defendant employed persons within the trade and territorial jurisdiction of the collective bargaining agreement and was obligated to pay fringe benefit contributions and other payments to the Funds.

10. Defendant breached said agreement by failing to make full and complete payment of all

fringe benefit contributions and other payments that were due to the Funds for payroll periods after January 1, 2014.

11. The Trustees have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, the Trustees respectfully request that this Court enter a Judgment against Defendant, providing for:

a. an award of damages for all unpaid fringe benefit contributions and other payments due for payroll periods after January 1, 2014; together with any additional liquidated damages, interest, and reasonable attorneys' fees and costs;

b. an order compelling the Defendant to comply with the Trustees' lawful and rightful demand for an payroll records examination/audit; and

c. Such other relief as is just and proper.

Respectfully submitted,

**SUGARMAN & SUSSKIND, P.A.**
**Attorneys for the Trustees**
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel. (305) 529-2801
Fax (305) 447-8115

By ___/s/ D. Marcus Braswell, Jr._____
    D. MARCUS BRASWELL, Jr.
    Florida Bar No. 146160

This 24th day of October 2018.